No. 2514

Second Circuit

—

STEWART v. FITZGERALD PLUMBING AND HEATING COMPANY

—

(June 30, 1926, Opinion and Decree)

—

(*Syllabus by the Court.*)

1. **Louisiana Digest—Master and Servant —Par. 159, 160 (e).**

In a suit to modify a judgment under the Employers' Liability Act, awarding compensation of $18.00 a week during disability, not exceeding 400 weeks, as for permanent total disability, where the evidence shows that the injured employee's condition has improved to one of partial disability, and that he is now able to earn $35.00 a week as against $55.00 a week before he was injured, the compensation will be reduced from $18.00 a week to $12.00 a week, and the period during which it shall be paid, from not exceeding 400 weeks to not exceeding 300 weeks; and the employer will be allowed to deduct out of future installments payable under the judgment the difference of $6.00 per week excess payment dating from the time of the filing of this suit for modification.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

Action by Charles A. Stewart against Fitzgerald Plumbing & Heating Company. There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Long and McSween, of Shreveport, attorneys for plaintiff, appellee.

J. S. Atkinson and Alex F. Smith, of Shreveport, attorneys for defendant, appellant.

REYNOLDS, J.   As plaintiff in suit No. 1629 on the docket of this court Charles A. Stewart recovered judgment against Fitzgerald Plumbing & Heating Company for compensation at the rate of $18.00 per week during disability for not exceeding 400 weeks as for permanent total disability.   At the time of his injury he was earning $55.00 a week.

The defendant in that suit, Fitzgerald Plumbing & Heating Company, brings this action to have it decreed that the plaintiff's disability has totally ceased and his right to compensation terminated, or, in the alternative, to have the compensation payable reduced to $12.00 a week and the period during which it is payable reduced from 400 weeks to 300 weeks, and for credit on future installments payable under the judgment for all sums in excess of $12.00 a week paid plaintiff since October 15, 1922, and on all sums in excess of $14.10 a week between June 22, 1922, and October 15, 1922.

The defendant in this suit, plaintiff in the original suit, Charles A. Fitzgerald, denied that there had been any change in his condition since the judgment was rendered and denied the right of the Fitzgerald Plumbing & Heating Company to have the judgment modified.

On these issues the case was tried and there was judgment rejecting the demand of the Fitzgerald Plumbing & Heating Company and it has appealed.

## OPINION

The present suit was instituted on March 13, 1925.  The evidence shows that the plaintiff in the original suit, defendant in this, Charles A. Stewart, was, at the time of the trial, in the same physical condition as he was at the time of the trial of the first suit.

Charles A. Stewart testified, page 82:

"Q.  What is your physical condition now as to what—compared to what it was during the trial here the last time—has there been any material improvement? .
"A.  No, sir, I cannot see any improvement from the time I was crippled up to the present time.

\*   \*   \*

"Q.  Do you experience any pain and suffering from your work now?
"A.  Yes, sir.
"Q.  Just describe it to the court, generally.
"A.  Well, if I lift or strain the least bit, it knocks me all out; my liver is down on the intestines, and it will drop further all the time; it almost kills me if I do any straining at all; in fact, I do not do any straining; when it comes to the point of stooping down and straining, I cannot do that; it will not let me do it; others will do the work for me."

Doctor A. A. Herold testified, page 96:

"Q. . Now, doctor, you have just concluded a physical examination of Mr. Stewart?
"A.  Yes, sir.
"Q.  Just state to the court what his present condition is?
"A.  I find practically what I did before; he has a tendency to drop down; his stomach and bowels and liver, more or less prolapsed.  I find also his heart beats are a little fast; his liver also appears to be somewhat enlarged."

Under all the evidence in the case we are convinced that Charles A. Stewart's

condition was on the date of the trial of this suit practically the same as it was on the date of the trial of the original suit, and we find no reason to modify the judgment on the ground of improvement in his physical condition.

But the evidence clearly shows that at the time of the trial of this suit and for some time prior thereto Charles A. Stewart was able to earn and in fact was earning a wage of $35.00 a week. At the time he was injured he was earning a wage of $55.00 a week, and therefore since the filing of this suit, March 13, 1925, his compensation should have been at the rate of $12.00 a week instead of $18.00 a week, or 60% of the difference between the wages he was earning at the time of the accident and the wages he was earning when this case was tried.

Since March 13, 1925, Fitzgerald Plumbing & Heating Company has been paying Charles A. Stewart compensation of $18.00 a week when it should have been paying him compensation at the rate of $12.00 a week. It is therefore entitled to credit on future payments for the excess of $6.00 on each payment dating from March 13, 1925, with legal interest on each such overpayment from the date paid. It is also entitled to have the period during which payments under the judgment are to continue reduced from four hundred weeks, beginning October 21, 1921, to three hundred weeks, beginning October 21, 1921.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of Fitzgerald Plumbing & Heating Company and against Charles A. Stewart; that the judgment rendered in favor of Charles A. Stewart and against Fitzgerald Plumbing & Heating Company, No. 1629 on the docket of this court, be modified by reducing the compensation therein ordered paid from $18.00 a week to $12.00 a week as and from March 13, 1925, and by reducing the period over which said compensation shall be paid from 400 weeks, dating from October 21, 1921, to 300 weeks, dating from October 21, 1921.

It is further ordered, adjudged and decreed Fitzgerald Plumbing & Heating Company have credit for and deduct from future installments of compensation payable under the judgment all sums in excess of $12.00 a week paid by it to Charles A. Stewart as compensation under said judgment from and after March 13, 1925, with legal interest on each such excess payment; said deduction to be taken out of the next installments falling due under said judgment.

It is further ordered, adjudged and decreed that Charles A. Stewart pay all costs of this suit.